DOROTHEA MATHIAS, Executrix, *vs.* WENDALL KIRSCH.

Cumberland.    Opinion May 10, 1895.

*Promissory Note.    Consideration.    Accommodation Paper.    Indorsement.*

A made a loan to B, taking a note for the amount loaned, secured by a chattel mortgage upon B's stock of goods, and, as additional security, a note of the defendant for $500, payable to B and by him indorsed. As between the defendant, the maker of the note, and the payee there was no consideration; it was given for the accommodation of the payee, but it was indorsed by the payee and delivered to A before its maturity, and as collateral security for a debt created contemporaneously with such indorsement and delivery.

At the maturity of this note it was renewed by another of like tenor, given by the defendant, payable to B, and was taken by A in place of the first note. Again, upon the maturity of the second note, a third, the one in suit, was given under like circumstances. Both of the last two notes were delivered to A and each was taken by A in the place of the preceding one, but neither of these two was indorsed by the payee, and there was no consideration for either as between the maker and the payee.

This suit is brought by the executrix of the payee upon the last of the three notes, for the benefit of A, the owner and holder thereof. *Held:* That under these circumstances the defendant cannot set up the want of consideration:

That the rights of the parties were established by the first note which the plaintiff in interest took, at the time of the creation of the indebtedness from B to her; the subsequent notes were mere renewals, extensions of credit:

That the note first given, being valid and enforceable by the person for whose benefit this action was brought, the surrender of that note was a good consideration for the second; and that this is equally true as to the substitution of the note in suit for the second.

ON EXCEPTIONS.

This was an action brought by the holder of an unindorsed note in the name of the executrix of the payee. It was tried before the Superior Court, Cumberland county, without a jury and judgment was rendered in favor of the defendant. The plaintiff

then took exceptions to the rulings in that court, which are stated in the opinion.

*L. B. Dennett*, for plaintiff.

When commercial paper is transferred as collateral security for a presently created debt, there is a sufficient consideration to validate the transaction and shut off the equities of the maker. While, of course, the debt itself is not the consideration (for if it were the transaction would be tantamount to a mere purchase of the paper) yet it is presumed that the debt would not have been created, or the loan made, except for the security. L. L. Smith, Nego. Paper (Phila.), p. 7, citing : *Munn* v. *McDonald*, 10 W. 270 ; *Miller* v. *Pollock*, 99 Pa. 206 ; *R. R. Co.* v. *Nat'l Bank*, 102 U. S. 14 ; *Chicopee Bank* v. *Chapin*, 8 Met. 40 ; *Griswold* v. *Davis*, 31 Vt. 390 ; *Roseborough* v. *Messick*, 6 Ohio St. 448 ; *Logan* v. *Smith*, 62 Mo. 455 ; *Bank* v. *Turnley*, 61 Texas 365 ; *Winship* v. *The Bank*, 42 Ark. 22 ; *Tucker* v. *Bank*, 58 N. H. 83.

In the everyday transaction of discounting notes, it is not unusual to ask for other notes as security for the ones discounted ; and from the very demand for collaterals, it is manifest that the principal notes would not be discounted without them. The discount is made on the faith and credit of the collateral as well as the principal notes.

The bank parts with its money or property upon the faith of both, and not upon the faith of one of them. If it is the holder for value of the principal security, so it is of the collateral. The two, in regard to the element of consideration, are inseparable. Smith, *supra*, and cites *Miller* v. *Pollock*, 99 Pa. 202 ; *Bank* v. *Vanderhorst*, 32 N. Y. 557.

It is very well established that the maker of an accommodation note cannot set up the want of consideration as a defense against it in the hands of third persons, though it be there as collateral security merely. Smith, *supra*, page 31st and he cites : *Lord* v. *Ocean Bank*, 20 Pa. 386 ; *Appleton* v. *Donaldson*, 3 *Id.* 381 ; *Moore* v. *Baird*, 30 *Id.* 138 ; *Maitland* v. *Bank*, 40 Md. 540 ; *Tucker* v. *Jenks*, 5 Allen, 330 ; *Grant* v. *Ellicott*, 7 Wend. 227 ; *Banks* v. *Penfield*, 69 N. Y. 502 ; *Tucker* v.

*Bank*, 58 N. H. 83. Counsel also cited : *Smith* v. *Bibber*, 82 Maine, 34.

*C. F. Libby*, for defendant.

Counsel cited : *Haskell* v. *Mitchell*, 53 Maine, 468, and cases ; *Allum* v. *Perry*, 68 Maine, p. 234 ; *Cent. Trust Co.* v. *Bank*, 101 U. S. 68.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WISWELL, J. In November, 1892, one Emma Shine loaned to Solomon Mathias three thousand dollars, taking from him a note for that amount, secured by a chattel mortgage upon a stock of goods, and, as further security, the promissory note of the defendant for five hundred dollars, payable to Mathias and by him indorsed.

As between the defendant, the maker of this note, and Mathias, the payee, there was no consideration, it was given for the accommodation of Mathias, but it was indorsed by the payee and delivered to Mrs. Shine before its maturity, and as collateral security for a debt created contemporaneously with such indorsement and delivery.

At the maturity of this note it was renewed by another of like tenor, given by the defendant, payable to Mathias and taken by Mrs. Shine in the place of the first note. Again, upon the maturity of the second note, a third, the one in suit, was given under like circumstances. Both of the last two notes were delivered to Mrs. Shine, and each was taken by her in the place of the preceding one, but neither of these two was indorsed by Mathias, and there was no consideration for either as between the maker and the payee.

The plaintiff, as executrix of the payee, brings this suit upon the last of the three notes for the benefit of Emma Shine, the owner and holder thereof.

The only question presented by the exceptions is whether, under these circumstances, the defendant can avail himself of the fact that the note was wholly without consideration, as between the maker and the payee, and was given for the accom-

modation of the latter. The judge who tried the case without the intervention of the jury, ruled as a matter of law, "that the note in suit not being indorsed by Mathias, and being without consideration, the defendant can set it up in defense of this suit."

The defendant's counsel relies upon the well-settled principle that the assignment and delivery of a negotiable promissory note before maturity, without the indorsement of the payee, gives to the assignee only the rights of the payee. *Haskell* v. *Mitchell*, 53 Maine, 468; *Allum* v. *Perry*, 68 Maine, 232.

This contention would unquestionably be correct if it were not for the transactions between the parties, previous to the giving of the note in suit. But we think that the rights of the parties were established by the first note, which the plaintiff in interest took at the time of the creation of the indebtedness from Mathias to her. The subsequent notes were mere renewals, extensions of credit. Before she surrendered the first note, she held a valid obligation of the defendant which she might have enforced at any time after maturity. Each of the subsequent notes was given by the defendant and taken by the plaintiff in interest for the purpose of replacing the prior note. It was merely a substitution of a new note for one that had matured. As between the defendant and the person for whose benefit the action is brought, there was a good and sufficient consideration for the last two notes. The note first given being valid and enforceable in her hands, the surrender of that note was a good consideration for the second, and this is equally true as to the substitution of the note in suit for the second. *Dockray* v. *Dunn*, 37 Maine, 442; *Dunn* v. *Weston*, 71 Maine, 270.

We think, therefore, that the ruling excepted to was incorrect, and that it was not competent for the defendant to show that as between him and the payee, there was no consideration.

                                        *Exceptions sustained.*